## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| In Re: April 21, 2017 Subpoenas Duces Tecum and Related Civil Investigative Demands | Misc. No. _____ <br><br> **Filed Under Seal** |

### CONSENT MOTION FOR ORDER PURSUANT TO
### RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE

The United States hereby moves this Court for entry of an order pursuant to Rule 502(d) of the Federal Rules of Evidence. In support of this Motion, the United States submits as follows:

1.  Rule 502 of the Federal Rules of Evidence establishes limitations on the waiver of the attorney-client privilege and the attorney work product protection through disclosure of protected materials. Specifically, Rule 502(d) permits a federal court to enter an order "that the [attorney-client] privilege or [work-product] protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding."

2.  The United States is investigating certain allegations arising under the False Claims Act, 31 U.S.C. § 3729, relating to the Uniformed Services Family Health Plan ("USFHP"). As part of that investigation, the United States issued subpoenas duces tecum and civil investigative demands for documents to Brighton Marine Health Center, CHRISTUS Health, Johns Hopkins Medical Services Corporation, Martin's Point Health Care, Inc., Pacific Medical Clinics and Saint Vincent Catholic Medical Centers (collectively, the "Designated Providers"), and to Steward Health Care LLC, and US Family Health Plan Alliance, LLC (collectively with the Designated Providers, the "Designated Provider Parties"), and civil investigative demands for testimony to present and former employees of the Designated Provider Parties.

**Error! Unknown document property name.**

3.      The United States' investigation relates to allegations that errors were made in the determination of rates pursuant to the National Defense Authorization Act for Fiscal Year 1997 ("NDAA") § 726 and the Designated Providers' contracts with the Department of Defense's Tricare Management Activity ("TMA")[1] with effective dates of October 1, 2008 ("the USFHP Contracts"), in which the alleged errors were (1) the failure to filter out claims from certain sources or service types before running claims through the CMS-HCC model used to calculate risk scores for individuals who were 65 and older (the "filtering error") and (2) the running of the CMS-HCC model concurrently (using claims and beneficiary data from the same year), not prospectively (using claims and beneficiary data from successive years), when calculating those risk scores (the "prospective error").

4.      In the course of the United States' investigation, the United States and the Designated Provider Parties have discussed an issue related to Health Net Federal Services Inc.'s payment of claims for USFHP beneficiaries in 2004-2005, as discussed, *inter alia*, in February 8, 2008 letters sent by TMA to certain of the Designated Providers and a February 28, 2008 letter sent to TMA on behalf of those Designated Providers (the "Health Net issue").  The United States and the Designated Provider Parties also have discussed an issue related to the "re-aging" of the Designated Providers' USFHP populations in mid-2008, as discussed, *inter alia*, in June 10, 2008 emails between and among individuals from Steward Health Care LLC, US Family Health Plan Alliance, LLC, and Milliman, Inc. and a June 11, 2008 email from an individual from Steward Health Care LLC to individuals from the Designated Provider Parties and others (the "re-aging issue").

---

[1] On October 1, 2013, the Defense Health Agency ("DHA") was established, TMA was disestablished, and certain TMA functions were transferred to DHA, including the responsibility for administering and supervising the USFHP program.  In this motion and accompanying proposed order, the term TMA refers to both TMA and DHA.

Error! Unknown document property name.

5.	If the United States pursues claims arising from the investigation, the Designated Provider Parties intend to assert defenses related to their reliance on the advice of counsel and the involvement of counsel. To permit the United States to consider these defenses before it determines whether to pursue claims, the Designated Provider Parties have proposed to waive the attorney-client privilege and attorney work-product protection solely with respect to the subjects, and for the time periods, set forth in this Paragraph 5 (the "Limited Waiver").  Specifically, (i) all Designated Provider Parties have proposed to waive the attorney-client privilege and attorney work-product protection solely with respect to the topics listed in Subparagraphs (a) through (d) below for the period of January 1, 2008 to December 31, 2013; and (ii) Martin's Point Health Care ("Martin's Point") has also proposed to waive the attorney-client privilege and attorney work-product protection (and to provide non-privileged documents) with respect to the topics listed in Subparagraphs (a) through (e) below for the period of July 1, 2015 to September 30, 2015 (together, the scope of waiver set forth in subparagraphs (i) and (ii) above is referred to as the "Limited Waiver Scope"):

(a)	the alleged filtering error and/or prospective error, including but not limited to the Designated Provider Parties' obligations and/or TMA's rights related to the filtering error and/or the prospective error;

(b)	the Designated Provider Parties' obligations and/or TMA's rights, if any, in the event that any of the Designated Provider Parties, TMA, or their actuarial consultants learned information related to an error in the determination of rates pursuant to the National Defense Authorization Act for Fiscal Year 1997 ("NDAA") § 726 that came to light during contract negotiations or after a contract amendment was executed;

Error! Unknown document property name.

   (c) the Designated Provider Parties' obligations and/or TMA's rights related to the Health Net issue and the re-aging issue;

   (d) legal advice received by the Designated Provider Parties, or attorney work-product related to such advice, that directly addressed the meaning of, or rights or obligations created by, §§ 726(b) or (c) of the NDAA, and any definitions of terms used in those sections, including the definition of "capitation payment" set forth in NDAA § 721(3); § 9.2.2.3(e) of the USFHP Contracts; and/or 48 C.F.R. §§ 52.212-4(a), (i)(5), and requests by the Designated Provider Parties seeking such legal advice, provided, however, that this subparagraph (d) does not include all communications regarding the annual rate methodology or rate negotiations that are protected by the attorney- client privilege or attorney work product protection solely because they are conducted under the auspices of or refer to the NDAA or the USFHP contracts; and

   (e) alleged errors identified in 2015 in an exhibit to proposed rates for Martin's Point.

6. The Designated Provider Parties desire certainty considering the scope of the Limited Waiver, and assurance that disclosure pursuant to the Limited Waiver will not effect any broader waiver.

7. The United States desires to accept the proposed Limited Waiver but also desires clarity that, in any subsequent litigation, the United States (i) retains any and all rights to oppose, rebut, or challenge any defenses related to reliance on the advice of counsel or the involvement of counsel and (ii) remains free to argue that the Designated Provider Parties' assertion of defenses related to reliance on the advice of counsel or the involvement of counsel has effected a waiver of

Error! Unknown document property name.

the attorney-client privilege, work product protection, or any other applicable privilege or protection that is broader than the Limited Waiver Scope.

8. Thus, the United States and the Designated Provider Parties have reached an agreement and seek a court order under Rule 502(d) confirming that the Designated Provider Parties' production of information and documents within the Limited Waiver Scope will not result in any waiver of the attorney-client privilege, work-product protection, or any other applicable privilege or protection, in this or any other proceeding, as to any documents or information beyond the Limited Waiver Scope.

9. An order entered by this Court under Rule 502(d) of the Federal Rules of Evidence would confirm that the Designated Provider Parties' disclosure of the information and documents to the United States would not waive privilege in this investigation or any other proceeding beyond the Limited Waiver Scope but also would make clear that the United States retains the rights set forth above in Paragraph 7.

10. Although the United States may not contend that the Designated Provider Parties' *production or disclosure of documents or information* pursuant to the Limited Waiver effects any broader waiver, the United States and Designated Provider Parties agree that nothing in the requested order shall limit the United States' or Designated Provider Parties' rights in any other respect, including the United States' right to rebut, oppose or challenge any defenses premised upon, related to, or reliant on legal advice, the United States' right to argue that the Designated Provider Parties' assertion of defenses related to reliance on the advice of counsel or the involvement of counsel effects a broader waiver, or the Designated Provider Parties' right to argue that the assertion of such defenses does not effect a broader waiver.

11. The Designated Provider Parties consent to the relief requested herein.

WHEREFORE, the United States requests that the Court grant its motion and enter the proposed order attached hereto.

Dated: May 27, 2022　　　　　　　　　　　Respectfully submitted,
　　　　　Bangor, Maine

　　　　　　　　　　　　　　　　　　　　　BRIAN BOYNTON
　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　DARCIE N. MCELWEE
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　/s/ Andrew K. Lizotte
　　　　　　　　　　　　　　　　　　　　　Andrew K. Lizotte
　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　　202 Harlow Street
　　　　　　　　　　　　　　　　　　　　　Bangor, ME 04401
　　　　　　　　　　　　　　　　　　　　　(207) 262-4636
　　　　　　　　　　　　　　　　　　　　　Andrew.Lizotte@usdoj

　　　　　　　　　　　　　　　　　　　　　Sheila W. Sawyer
　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　　　　　　　100 Middle Street
　　　　　　　　　　　　　　　　　　　　　East Tower, 6th Floor
　　　　　　　　　　　　　　　　　　　　　Portland, Maine 04101
　　　　　　　　　　　　　　　　　　　　　(207) 771-3246
　　　　　　　　　　　　　　　　　　　　　Sheila.Sawyer@usdoj.gov


　　　　　　　　　　　　　　　　　　　　　JAMIE ANN YAVELBERG
　　　　　　　　　　　　　　　　　　　　　EDWARD CROOKE
　　　　　　　　　　　　　　　　　　　　　AMY D. KOSSAK
　　　　　　　　　　　　　　　　　　　　　DIANA K. CIESLAK
　　　　　　　　　　　　　　　　　　　　　Attorneys, Civil Division
　　　　　　　　　　　　　　　　　　　　　Commercial Litigation Branch
　　　　　　　　　　　　　　　　　　　　　P.O. Box 261, Ben Franklin Station
　　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20044
　　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 616-2856
　　　　　　　　　　　　　　　　　　　　　Amy.D.Kossak@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　*Counsel for the United States*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May, 2022, I caused a true and correct copy of the above and foregoing Consent Motion for Order Pursuant to Rule 502(d) of the Federal Rules of Evidence to be sent via email to:

Brian P. Dunphy, Samantha Kingsbury & Kevin McGinty
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
bdunphy@mintz.com
spkingsbury@mintz.com
kmcginty@mintz.com

*Counsel for Brighton Marine Health Center, CHRISTUS Health, Martin's Point Health Care, Inc., Pacific Medical Clinics, Saint Vincent Catholic Medical Centers, and US Family Health Plan Alliance, LLC*

Mark W. Pearlstein & Mara Theophila
McDermott Will & Emery
200 Clarendon Street
Floor 58
Boston, MA 02116
mpearlstein@mwe.com
mtheophila@mwe.com

*Counsel for Steward Health Care LLC*

Kaitlin J. Levine-Brown
Locke Lorde
111 Huntington Avenue
9th Floor
Boston, MA 02199
kaitlin.brown@lockelord.com

*Counsel for Steward Health Care LLC*

Martin S. Himeles, Adam Abelson & Samantha Gerencir
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
mhimeles@zucerkman.com
aabelson@zuckerman.com
sgerencir@zuckerman.com

*Counsel for Johns Hopkins Medical Services Corporation*

Jeff Layne, Megan A. Hudgeons & Benjamin I. Koplin
Reed Smith LLP
401 Congress Avenue, Suite 1800
Austin, TX 78701
jlayne@reedsmith.com
mhudgeons@reedsmith.com
bkoplin@reedsmith.com

*Counsel for CHRISTUS Health*

**Error! Unknown document property name.**

8

DARCIE N. MCELWEE
UNITED STATES ATTORNEY


<u>/s/ Andrew K. Lizotte</u>
Andrew K. Lizotte
Assistant United States Attorney
U.S. Attorney's Office
202 Harlow Street
Bangor, ME 04401
(207) 262-4636
andrew.lizotte@usdoj.gov

**Error! Unknown document property name.**